[Crim. No. 3768. Fourth Dist., Div. One. Feb. 16, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK ANSON STEVENSON, Defendant and Appellant.

## COUNSEL

Edward G. Baker for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Defendant was convicted on jury verdict of first degree burglary and assault by means of force likely to produce great bodily injury. He moved for a new trial on the ground the verdict had been decided by means other than a fair expression of opinion on the part of all jurors, and in support of his motion filed affidavits of two trial jurors. ■ The motion for new trial was denied, and defendant appeals from the judgment of conviction, contending it should be reversed because the affidavits of the jurors supply admissible evidence establishing they improperly reached their verdict by compromise, whereby some jurors surrendered their convictions upon a material issue in return for a like surrender by other jurors. The contention has no merit.

In one affidavit a juror alleges, "We had been on jury duty for over a week and deliberation had been going on for two days. I did not feel that by returning to deliberations the next day, we could convince the others to vote not guilty. Therefore, although not convinced of Mr. Stevenson's guilt, or innocence, I decided to vote guilty to the lesser charge."

In the other affidavit a second juror alleges, "It was my understanding that we had to come back with a unanimous verdict one way or the other. Since I was one of the few who were for acquittal, I felt that it was useless to persist in my convictions and, therefore, voted for a guilty verdict. Had I known that my continuing to persist in my convictions for Mr. Stevenson's innocence would have resulted in a hung-jury and therefore no guilty verdict, I would not have voted for a guilty verdict."

Evidence Code section 1150, subdivision (a) provides: "Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room of such a character as is likely to have influenced the verdict improperly. No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either

in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined."

In the case at bench, the evidence supplied by the jurors' affidavits was inadmissible because it showed only the mental processes of the respective jurors, and the subjective considerations which influenced their verdicts. (*People* v. *Hutchinson,* 71 Cal.2d 342, 349-351 [78 Cal.Rptr. 196, 455 P.2d 132].) There was no admissible evidence showing the jurors surrendered their conscientious convictions on a material point, or reached their verdict by compromise.

The motion for new trial was properly denied.

Judgment affirmed.