Filed 5/16/13  P. v. Hernandez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B241037 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA384613) |
| v. | |
| ERIC ANTHONY HERNANDEZ, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Eric Anthony Hernandez appeals his judgment of conviction of possession of narcotics.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On January 15, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered. Defendant submitted a letter seeking review of the testimony of the investigating detective, the canine search evidence, discovery regarding another detective, and alleged juror misconduct.  We have reviewed the entire record and considered the issues raised by defendant, and finding no error or other arguable issues, we affirm the judgment.

_____

*BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant was charged in count 1 with possession of methamphetamine for sale in violation of Health and Safety Code section 11378, with the special allegation that he was personally armed with a firearm in the commission of the offense within the meaning of Penal Code section 12022, subdivision (c). In count 2 defendant was charged with possession of cocaine while armed with a loaded, operable firearm, in violation of Health and Safety Code section 11370.1, subdivision (a).

Prior to trial defendant filed a motion to disclose the identity of a confidential informant, as well as two *Pitchess* motions.[1] After in camera hearings, the trial court denied the motion to disclose the identity of the informant, but ordered that certain information be turned over to the defense pursuant to the *Pitchess* motions.

The evidence showed that after an investigation and search, which included the use of a narcotics detection dog, Los Angeles County Sheriff's deputies found methamphetamine, cocaine, loaded firearms, $1000 in cash, a scale, 200 one-by-one inch unused plastic zipper bags and other items under a floorboard in the closet of a bedroom occupied solely by defendant.

A jury convicted defendant of both counts as charged and found true the firearm enhancement alleged as to count 1. After the verdicts, defendant sought release of confidential juror information based upon one juror's claim that he was pressured to vote guilty. The trial court heard the testimony of the juror and found an insufficient showing of good cause. Defense counsel did not dispute the court's finding and was granted time to prepare a motion for new trial. That time elapsed and no motion was filed. On May 1, 2012, the trial court sentenced defendant to a total prison term of six years, comprised of the middle term of two years as to count 1, plus a firearm enhancement of four years. As to count 2, the court imposed a concurrent middle term of three years. The court ordered defendant to pay mandatory fines and fees, and to provide DNA and print impressions.

---

[1] See *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*); Penal Code sections 832.7 and 832.8; Evidence Code sections 1043 through 1045.

Defendant was awarded 351 days of actual presentence custody credit and 351 days of conduct credit, for a total of 702 days. Defendant filed a timely notice of appeal.

Pointing to various conflicts in the testimony of Detective Raymond Hwang, defendant concludes the detective gave false testimony. It was the function of the jury to resolve conflicts and evaluate Detective Hwang's credibility. (See *People v. Young* (2005) 34 Cal.4th 1149, 1175, 1181.) As defendant does not claim that the testimony was physically impossible or inherently improbable, we accept the jury's resolution of such issues. (*Ibid*.)

Defendant also seeks review of the testimony of the canine handler, Deputy Dorsey Marchello, regarding the narcotics dog's search of his residence. He contends that Deputy Marchello should have presented her log book during testimony, as she testified that it briefly "documented . . . the finds." Defendant argues the log book would show that only marijuana was found, not methamphetamine.

Assuming defendant is claiming error under *Brady v. Maryland* (1963) 373 U.S. 83, we reject the claim. As defense counsel did not claim the material was not made available to her and did not object to the log book's absence, the issue has not been preserved for appeal. (See *People v. Morrison* (2004) 34 Cal.4th 698, 714.) Regardless, reversal would not be required, as there is no basis, other than defendant's speculation, to believe that the log book contained any materially exculpatory or impeachment evidence. (See *Brady v. Maryland*, *supra*, at p. 87.) Deputy Marchello was asked only to describe the areas to which her dog alerted, not what drugs were found or even whether drugs were found. She did not testify that her log book would provide any additional information.

Next, defendant notes that one of the detectives on the search team, Detective Kalassay, was the subject of *Pitchess* discovery ordered by the trial court. Defendant states his belief that Detective Kalassay had been terminated for dishonesty, although he does not suggest that this evidence affected his trial. The trial court determined that the investigation concerning Detective Kalassay was still open and the detective had been

3

neither disciplined nor terminated. Detective Kalassay did not testify and defense counsel was kept informed of the investigation.

Finally, there is no merit to defendant's contention that evidence of juror misconduct requires a new trial. After the verdicts Juror Rolando Pardo (Pardo) submitted a declaration and testified he felt pressured to vote guilty, but did not think defendant was guilty. Pardo's testimony was confusing and contradictory in parts, but after much questioning by both counsel and the court, he made clear that he felt pressured though none of the other jurors applied pressure to him or threatened him in any way. Pardo acknowledged that he did not participate in jury room discussions and never expressed his opinion, but merely listened and then voted as everyone else did, because he did not want to have to explain his position and he assumed that everyone just wanted to go home. Further, Pardo thought the unanimity instruction required him to vote like the others. As all of Pardo's reasons were based on his own, unexpressed thoughts rather than the actions or words of other jurors, they would not have been admissible to impeach the verdict. (Evid. Code, § 1150, subd. (a); cf. *People v. Stevenson* (1970) 4 Cal.App.3d 443, 444 [juror voted guilty due to belief that unanimous verdict was only option].)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

4